UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Elena Espino, | Case No. 2:24-cv-02347-CDS-DJA |
| Plaintiff | **Order Granting in Part the Defendants' Motion to Dismiss and Granting Motion for Joinder** |
| v. | |
| Statebridge Company LLC, et al., | [ECF Nos. 27, 28] |
| Defendants | |

This case concerns real property located at 6641 Blue Hawaii Ave., Las Vegas, NV 89110. Second am. compl., ECF No. 20. Plaintiff Elena Espino, the alleged title owner of the property, brings eight Nevada law claims and two federal law claims against the defendants.[1] *Id.* The Nevada law claims include breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, mortgage fraud, fraudulent concealment/misrepresentation, wrongful foreclosure, and quiet title. *Id.* The federal law claims include violations of the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). *Id.* Now, the defendants move to dismiss the second amended complaint (SAC) with prejudice. Mot., ECF No. 27. This motion is fully briefed. *See* Resp., ECF No. 29; Reply, ECF No. 32. Defendant Sables moves to join the motion. Mot. joinder, ECF No. 28. For the reasons set forth herein, the motion to dismiss is granted in part, and the motion for joinder is granted; the SAC is dismissed without prejudice, but without leave to amend.

I.     **Background**

Espino alleges that she and her late husband purchased the property "as the Plaintiff trust" and secured it with two mortgages through defendant Universal American Mortgage

---

[1] The defendants are as follows: Statebridge Company LLC; Wilmington Savings Fund Society, FSB, d/b/a Chistiana Trust as Trustee for PNPMS Trust I; Sables LLC; Mortgage Electronic Registration Systems, Inc.; Universal American Mortgage Company, LLC; US Bank National Association; and Does 1-100 and Rose 3-100.

Company, LLC. ECF No. 20 at 3. She further alleges that she has personally lived in the property and has received mail there since 2005. *Id.* at 4. But in 2008, Espino began to fall behind on the mortgage payments. *Id.* So, in 2009, Universal sold or assigned the first mortgage to defendant US Bank, and Cooper Castle Law Firm LLP became the substitute trustee of the deed of trust securing it. *Id.* From that point on, Universal allegedly abandoned the second mortgage and did not give Espino further notice of past-due obligations. *Id.*

In April 2009, Cooper Castle Law Firm, acting as substitute trustee of the deed of trust under the first mortgage, served and recorded a notice of breach regarding Espino's obligations under the first mortgage. *Id.* at 5. However, Espino believed that the notice pertained to both mortgages because she had "stopped paying both mortgages at the same time." *Id.* The notice prompted Espino to work with US Bank to modify her mortgages under the Home Affordable Modification Program (HAMP). *Id.* Espino alleges that during the loan modification process, US Bank's agents and employees represented to her that "all of their pre-existing mortgage obligations would be modified into one lower payment with a lower interest rate" once the process was finished. *Id.* Around May 2010, Espino received and signed the final loan modification paperwork. *Id.* She allegedly signed the paperwork based on US Bank's misleading representations—that is, Espino mistakenly believed that the paperwork modified both mortgages, not just the first mortgage. *Id.* at 6. As alleged, Espino complied with the modification terms for thirteen years without any communication from Universal. *Id.* at 7.

In February 2024—over three years after the second mortgage fully matured—Universal assigned the second mortgage to defendant Wilmington Savings Fund Society. *Id.* On March 12, 2024, a notice of default and of election to cause sell of real property under deed of trust was recorded against the property. *Id.*

## II.     Legal standard[2]

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

---

[2] Espino argues that the Nevada Rules of Civil Procedure (NRCP) apply and that, per *Rocker v. KPMG LLP*, NRCP 9's particularity requirements are relaxed because the information needed to provide the particularity is in the defendants' possession and control. ECF No. 20 at 3. But Espino is mistaken; the Federal Rules of Civil Procedure govern this case. *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996).

III.     Discussion

At the outset, I find that Sables has a similar interest in Statebridge's and Wilmington's arguments in their motion to dismiss. Thus, I grant Sable's request to join the motion to dismiss. And for the reasons set forth below, I grant the motion to dismiss without prejudice but without leave to amend.

### A.  Espino's TILA claim is dismissed.

Espino alleges that the defendants violated § 1637(b) of TILA by failing to give Espino regular, periodic/monthly "statements regarding the second mortgage for over 14 years." ECF No. 20 at 39. The defendants argue that Espino's TILA claim should be dismissed because neither 15 U.S.C. § 1637(b) nor 12 C.F.R. § 1026.7 apply here. ECF No. 27 at 18. They reason that 15 U.S.C. § 1637(b) only applies to "open ended consumer credit plan[s]," which is not the case here because the second mortgage is not an open-ended transaction. *Id.* They further argue that 12 C.F.R. § 1026.7 only applies to home equity plans and open-ended plans, which is not the case here because the second mortgage is a loan secured by real property. *Id.* Though they concede that 12 C.F.R. § 1026.41 applies to the second mortgage, they contend that the regulation does not apply after November 1, 2020, nor to creditors such as Wilmington because any TILA violation is not "apparent on the face of the documents signed." *Id.* (first citing 12 C.F.R. § 1026.41; and then citing *id.* at § 1241(e)(1-2)).

Section 1641(g)(2) of TILA defines "mortgage loans" as "any consumer credit transaction that is secured by the principal dwelling of a consumer." 15 U.S.C. § 1641(g)(2). In the SAC, Espino alleges that she "has personally lived in the Blue Hawaii Property and has continuously received mail there since 2005." ECF No. 20 at 4. The defendants argue that Espino fails to sufficiently allege that the property is her principal dwelling. ECF No. 27 at 18; ECF No. 32 at 7–8. But I find that, when reviewing Espino's allegations in the light most favorable to her, paragraph 17 of her SAC sufficiently alleges that the property is her principal dwelling.

4

However, I agree with the defendants' argument that Espino fails to sufficiently allege damages. The Ninth Circuit has held that "to receive actual damages for a TILA violation, . . . a borrower must establish detrimental reliance." *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002). The SAC summarily states that Espino "relied, to her detriment, on the conduct and lack of action by the Defendants and/or their predecessors in interest in ignoring and failing to enforce or defend their alleged rights under the promissory note and deed of trust." ECF No. 20 at 15. When reviewing the SAC in the light most favorable to Espino, one might reasonably infer that the "detriment" Espino refers to is the mortgage balance, interest, and late fees charged. *See id.* at 40. But this detriment does not constitute detrimental reliance. *See, e.g.*, *Smith*, 289 F.3d at 1157 (finding no detrimental reliance under TILA where the plaintiff failed to show that she "would have either secured a better interest elsewhere, or foregone the loan completely"); *In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (same). Because Espino insufficiently pleads damages for her TILA claim, I dismiss it without prejudice.

**B.   Espino's RESPA claim is dismissed with prejudice.**

The defendants argue that Espino's RESPA claim fails for four reasons. First, the claim fails against Wilmington because 12 C.F.R. § 1024.39 only applies to "servicers," not creditors such as Wilmington. ECF No. 27 at 19. Second, the claim fails against Statebridge because it lacks a factual basis. *Id.* at 20. Third, Espino fails to allege compensable damages. And fourth, no private right of action exists for violations of 12 C.F.R. § 1024.39. *Id.* at 21. Espino's opposition to the motion to dismiss ignores these points entirely.

The local rules of this district provide that "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Local Rule 7-2(d). By failing to file points and authorities opposing dismissal of the RESPA claim, Espino effectively consents to such dismissal. As such, Espino's RESPA claim is dismissed without prejudice.

**C. Espino's state law claims are dismissed.**

In Espino's opposition to the motion to dismiss, she voluntarily dismisses her mortgage fraud claim. ECF No. 29 at 29. Further, I dismiss the remaining state law claims for lack of subject matter jurisdiction. There is no supplemental jurisdiction over the state law claims because the only federal claims in this action are dismissed *supra*. Nor is there diversity jurisdiction: the SAC fails to sufficiently plead an amount in controversy exceeding $75,000.00, and there is not complete diversity between Espino and defendants Statebridge, Wilmington, and Sables. *See Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978); ECF No. 20 at 40–41 (requesting compensatory and consequential damages "in excess of $15,000.00");[3] ECF No. 20 at 1–2 (detailing parties' domiciles). Thus, because the state law claims are pendent to the now-dismissed federal claims, I dismiss them without prejudice.[4]

**D. Leave to amend is denied.**

A plaintiff's failure to correct the previously identified deficiencies is "a strong indication that [the plaintiff has] no additional facts to plead" and "any amendment would be futile." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation omitted); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (holding that district court properly denied leave to amend when "the district court gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not comply"). Here, Espino was already given the opportunity to correct deficiencies but was unsuccessful. Consequently, I find further amendment would be futile, so I deny Espino a second opportunity to amend her claims.

---

[3] As pled, the court construes the amount in controversy to be $15,000. It is not clear from the complaint that Espino is alleging $15,000.00 for each claim.

[4] The court may decline to exercise supplemental jurisdiction over a state-law claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in the exceptional circumstances, there are other compelling reasons for declining jurisdiction." *See* 28 U.S.C. § 1367(c).

IV.      Conclusion

IT IS HEREBY ORDERED that the defendants' motion to **dismiss [ECF No. 27] is GRANTED.** The plaintiff's second amended complaint [ECF No. 20] is dismissed without prejudice but without leave to amend.

IT IS FURTHER ORDERED that Sable's motion for joinder **[ECF No. 28] is GRANTED.**

The Clerk of Court is kindly directed to close this case.

Dated: June 15, 2026

_____
Cristina D. Silva
United States District Judge